### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| FOUNDATION AGAINST INTOLERANCE & RACISM, INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>MARY JANE PICKENS, in her official capacity as Executive Director of the West Virginia State Bar; SHANNON SMITH, in her official capacity as President of the West Virginia State Bar Board of Governors; DAVID AMSBARY, in his official capacity as President-Elect of the West Virginia State Bar Board of Governors,<br><br>　　Defendant. | Case No. 1:24-cv-115 Kleeh<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>ELECTRONICALLY FILED<br>12/19/2024<br>U.S. DISTRICT COURT<br>Northern District of WV |

## INTRODUCTION

1.　　The practice of law is an honored and privileged profession. As such, the West Virginia State Bar is tasked with advancing the administration of justice; upholding and elevating the standards of honor, integrity, competency and courtesy in the legal profession; and encouraging cordial relations among its 9,000 members. Unfortunately, the Bar and its Board of Governors (the Board) flout both these professional ideals and the rights guaranteed by the United States Constitution. The Board implements and enforces invidious racial exclusions for nominations, elections, and voting procedures in direct contradiction of the Fourteenth and Fifteenth Amendments to the U.S. Constitution.

1

2.      These racial exclusions rest on the demeaning premise that citizens of a particular race are somehow more qualified than others to vote on certain matters. The discrimination rests, too, on blatant stereotyping of the "interests" of individuals based solely on their race.

3.      Plaintiff Foundation Against Intolerance and Racism, Inc. (FAIR) is a nationwide grassroots organization that fights for equality for all individuals regardless of racial group membership. FAIR has members who are ready, willing, and able to be nominated to the Board of Governors. Its members are also ready, willing, and able to vote in all West Virginia Board elections of which they are eligible.

4.      FAIR brings this action to vindicate its members' rights to equal protection and end the Commission's state-sponsored racial discrimination. The Fourteenth Amendment requires the government to treat all of its citizens as individuals—not as members of a racial group. And the Fifteenth Amendment prohibits the government from denying individuals the right to vote on the basis of race. By implementing and enforcing race-based exclusions for nominations, elections, and voting, the State Bar and its Board violate FAIR's members' constitutional rights.

## JURISDICTION AND VENUE

5.      This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. The Court has jurisdiction over these federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2). A substantial part of the events giving rise to these claims have occurred or will occur in the Northern District of West Virginia.

## PARTIES

7. Plaintiff Foundation Against Intolerance and Racism, Inc., is a nonprofit organization established to defend the principle of equal protection and equal rights for all. FAIR engages in litigation to ensure that diversity and inclusion efforts are non-discriminatory. FAIR also works at the grassroots level to promote a common culture based on equality and fairness. At least two of FAIR's members are ready, willing, and able to apply and be considered for the Board of Governors and are eligible to vote in Board of Governors elections but are disadvantaged because of their race.

8. FAIR Inc. Member "A" resides and has his principal place of business in West Virginia. Member A is a member of the West Virginia Bar and is not African American. He is only eligible to be elected to the District 16 seat for the Board of Governors. He is not eligible to be elected the seat reserved for African Americans because of his race. Nor is Member A eligible to vote in elections for that seat because of his race.

9. FAIR Member "B" resides and has his principal place of business in West Virginia. Member B is a member of the West Virginia Bar and is not African American. He is only eligible to be elected to the District 9 seat for the Board of Governors. He is not eligible to be elected the seat reserved for African Americans because of his race. Nor is Member B eligible to vote in elections for that seat because of his race.

10. Defendant Mary Jane Pickens is Executive Director of the West Virginia State Bar Board of Governors. As the Executive Director, Defendant Pickens is responsible for implementing and enforcing the racial exclusions in nominations, elections, and voting. Defendant Pickens is sued in her official capacity only.

11.     Defendant Shannon Smith is President of the West Virginia State Bar Board of Governors. Together with the other members of the Board, Defendant Smith is responsible for enforcing the Bylaws implementing and enforcing racial exclusions in nominations, elections, and voting. Defendant Smith is sued in her official capacity only.

12.     Defendant David Amsbary is President-Elect of the West Virginia State Bar Board of Governors. Defendant Amsbary is sued in his official capacity only.

## FACTUAL ALLEGATIONS

**The West Virginia State Bar Board of Governors**

13.     The West Virginia State Bar (Bar) is the agency of the Supreme Court of Appeals of West Virginia. WV R BAR CONST art. I. It was formed in 1947, and its purpose is to give effect to the rules of the Supreme Court of Appeals of West Virginia, to perform the functions outlined in its constitution and bylaws, and to perform other functions as directed by the Supreme Court. The Board of Governors (Board) manages and administers the Bar. WV R BAR CONST art. IV.

14.     The Board is comprised of twenty-five voting members and one non-voting member. The non-voting member is the Dean of the West Virginia University College of Law. Sixteen of the voting members are elected from the sixteen State Bar Districts. Three additional voting members are elected from State Bar District Eight. Four members are elected officers: the president, president-elect, vice-president, and immediate past president. One member is the Chairperson of the Young Lawyers Section. And the final member is elected to be the "African American Representative." WV R BAR BYLAWS art. 5.02.

15. Terms for each elected seat are four years, and yearly elections are staggered in four-year cycles. WV R BAR BYLAWS art. 5.03. Governors who have served a full term cannot be reelected to the immediately succeeding term.

**The Board's Racially Exclusive Seat and Election Procedures**

16. To be eligible for nomination to the African American governor seat, active members must be registered as an African American with the state bar. WV R BAR BYLAWS art. 5.06(b).

17. Lawyers who are not registered as African Americans may not be nominated or elected to the African American seat. WV R BAR BYLAWS art. 5.06(b) and 5.07. No other qualifications for this seat are listed in the bylaws.

18. Only registered African Americans are allowed to vote for the African American seat. WV R BAR BYLAWS art. 5.07. No other qualifications to vote in this election are listed in the bylaws.

19. The next vacancy for the African American seat and its election is in 2025.

20. Member A is ready, willing, and able to be elected to the Board of Governors but is ineligible for the African American seat opening in 2025 on account of his race.

21. Member B is ready, willing, and able to be elected to the Board of Governors but is ineligible for the African American seat opening in 2025 on account of his race.

22. Member A and Member B are also both ineligible to vote in this election for a representative who administers and manages the State Bar on account of their race.

## CLAIMS FOR RELIEF
### First Cause of Action
### Bylaws 5.02(d), 5.06(b), and 5.07 Violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution

23. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 22 as though fully set forth herein.

24. An actual and substantial controversy exists between Plaintiff and Defendant. Plaintiff's members have the right to be nominated and elected to the Board of Governors free from consideration of their race.

25. The Fourteenth Amendment to the United States Constitution provides: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

26. Bylaws 5.02(d) and 5.06(b) require the Board to implement nomination and election exclusions on the basis of race.

27. Bylaw 5.07 requires the Board to implement voting exclusions on the basis of race.

28. Governmental classifications on the basis of race violate the Equal Protection Clause unless they are narrowly tailored to a compelling governmental interest.

29. The racial exclusions in Bylaws 5.02(d), 5.06(b), and 5.07 do not serve a compelling government interest.

30. The racial exclusions in Bylaws 5.02(d), 5.06(b), and 5.07 do not remediate any specific instances of racial discrimination that violated the Constitution or statutes.

31. Even if the racial exclusions in Bylaws 5.02(d), 5.06(b), and 5.07 served a compelling government interest, they are not narrowly tailored to remediating specific, identified instances of past discrimination.

32. The racial exclusions in Bylaws 5.02(d), 5.06(b), and 5.07 use race as a negative.

33. The racial exclusions in Bylaws 5.02(d), 5.06(b), and 5.07 stereotype individuals on the basis of race, mandate racial discrimination, and have no end date.

34. Plaintiff's members have been and will continue to be harmed by Defendant's racial discrimination absent an injunction prohibiting Defendant's enforcement of Bylaws 5.02(d) and 5.06(b).

35. Plaintiff is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of Bylaws 5.02(d) and 5.06(b).

## Second Cause of Action
### Bylaws 5.02(d), 5.06(b), and 5.07 Violate the Citizenship Clause of the Fourteenth Amendment to the United States Constitution

36. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 22 as though fully set forth herein.

37. The Fourteenth Amendment to the United States Constitution provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside." U.S. Const. amend. XIV, § 1.

38. The Citizenship Clause guarantees all the rights of citizenship to every citizen of the United States, including all the rights of citizenship of the state wherein he or she resides.

39. The right to serve on state boards and commissions is a right of citizenship.

40. All citizens, regardless of race, have a right to vote in elections of officials who make policies on their behalf.

41. Bylaws 5.02(d), 5.06(b), and 5.07 require the Board to deny some West Virginia lawyers a right of citizenship while extending that right to others.

42. The denial of a right of citizenship to a citizen of the United States violates the Citizenship Clause of the Fourteenth Amendment and is subject to heightened judicial scrutiny.

43. Plaintiff's members have been and will continue to be harmed by Defendant's racial discrimination absent an injunction prohibiting Defendant's enforcement of Bylaws 5.02(d), 5.06(b), and 5.07.

44. Plaintiff is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of Bylaws 5.02(d), 5.06(b), and 5.07.

### Third Cause of Action
### Bylaw 5.07 Violates the Fifteenth Amendment to the United States Constitution

45. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 22 as though fully set forth herein.

46. An actual and substantial controversy exists between Plaintiff and Defendant. Plaintiff's members have the right to vote for members to the Board of Governors free from consideration of their race.

47. The Fifteenth Amendment to the United States Constitution provides: "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S. Const. amend. XV, § 1.

48. The Fifteenth Amendment includes any election in which public officials are selected.

49. Bylaw 5.07 constitutes a race-based abridgement of the right to vote.

50. Through Bylaw 5.07, the State Bar denies or abridges the right to vote on account of race, in violation of the Fifteenth Amendment.

51. Plaintiff's members have been and will continue to be harmed by Defendant's racial discrimination absent an injunction prohibiting Defendant's enforcement of Bylaw 5.07.

52. Plaintiff is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of Bylaw 5.07.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. A declaration that the racial exclusions in Bylaws 5.02(d), 5.06(b), and 5.07 violate the Equal Protection Clause and the Citizenship Clause of the Fourteenth Amendment to the United States Constitution.

2. A declaration that the race-based abridgement of the right to vote in Bylaw 5.07 violates the Fifteenth Amendment to the United States Constitution.

3. A permanent prohibitory injunction forbidding Defendant and Defendant's officers, agents, affiliates, servants, successors, employees, and all other persons in active concert or participation with Defendant from enforcing, or attempting to enforce, the racial exclusions in Bylaws 5.02(d), 5.06(b), and 5.07.

4. An award of attorney's fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988.

5. An award of nominal damages in the amount of $1.00.

6. Such other relief as the Court deems just, necessary, or proper.

DATED: December 19, 2024.    Respectfully Submitted,

s/ *Martin P. Sheehan*
Martin P. Sheehan
W.Va. Bar No. 4812
Sheehan and Associates, PLLC
1140 Main St Suite 333
Wheeling, West Virginia 26003
martin@msheehanlaw.net
Telephone: (304) 232-1064
martin@msheehanlaw.net
paralegal@msheehanlaw.net

PACIFIC LEGAL FOUNDATION
JOSHUA P. THOMPSON
Cal. Bar No. 250955 *
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Email: JThompson@pacificlegal.org

SAMANTHA R. ROMERO
D.C. Bar No. 1643367 *
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Email: SRomero@pacificlegal.org

*Attorneys for Plaintiff*
*\* Applications for Admission Pro Hac Vice forthcoming*

10